UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYER HOFFMAN MCCANN, P.C., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>CAMICO MUTUAL INSURANCE COMPANY, <br><br>　　　　Defendant. | Case No. 15-cv-01207-SI <br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND SETTING CASE MANAGEMENT CONFERENCE FOR MAY 17, 2016 AT 3:00 PM** <br><br>Re: Dkt. No. 52 |

On May 6, 2016, the Court held a hearing on plaintiff's motion to alter or amend the judgment, or for relief from judgment. MHM moves to set aside the judgment based upon a factual error in the Court's Order Denying Plaintiff's Motion for Partial Summary Judgment and Granting Defendant's Motion for Summary Judgment. Specifically, the Court's order relied on an incorrect factual assertion, made by both parties,[1] that CAMICO's December 7, 2006 proposal contained the "proposed reinstatement endorsement language" that was ultimately adopted. Dkt. 47, at 5:18-23. At the May 6, 2016 hearing, counsel for both parties confirmed that the reinstatement endorsement language was not, in fact, provided to MHM on December 7, 2006,

---

[1] MHM states that Exhibit 8 to MHM's motion for partial summary judgment, which was CAMICO's December 7, 2006 proposal to MHM, inadvertently attached a copy of the final Reinstatement Endorsement (which was issued on April 11, 2007). CAMICO's opposition to MHM's motion for partial summary judgment cited MHM's Exhibit 8, and asserted, "What Mr. Hecht's Declaration fails to mention, however, is that the coverage proposal included a copy of the proposed Reinstatement Endorsement, which contained the identical limitation on reinstatement found in the 2006-2007 and 2007-2008 Policies, specifically: 'EXCEPT THAT, the reinstated Limit of Liability – Policy Aggregate shall not apply to any Claim for which Claim Expenses and/or Damages have been or are paid in whole or in part by the Policy's original Limit of Liability- Policy Aggregate.' (MHM Ex. 8 [Docket No. 25-6 at p. 3 of 37], emphasis added)." Dkt. 28 at 6:8-15.

and that the language was first provided to MHM on April 11, 2007, after MHM had agreed to renew its policy.

MHM contends that the Court's error "fatally undermines this Court's conclusion that CAMICO's novel exclusion from the 'Round the Clock' reinstatement coverages it bound was conspicuous and properly disclosed." Dkt. 55 at 3:21-23. MHM argues that the December 2006 binder is critical to an analysis of the adequacy of CAMICO's disclosures and MHM's reformation claim. CAMICO responds that the Court's error does not warrant setting aside the judgment because MHM approved the reinstatement language on April 12, 2007, and MHM renewed the policy containing that language several times.

The Court concludes that the judgment should be set aside because the error identified by MHM was important to the Court's analysis. The Court's summary judgment order relied on the (incorrect) fact that the reinstatement endorsement language had been provided to MHM, and was negotiated by the parties, prior to MHM renewing the policy in late December 2006. The Court finds that there are issues of fact regarding, *inter alia*, whether CAMICO breached its duty to disclose and whether CAMICO knew or suspected that MHM had a mistaken belief as to the scope of the reinstatement endorsement coverage.

Accordingly, the Court GRANTS plaintiff's motion to set aside the judgment, and DENIES both parties' motions for summary judgment as there are disputes of material fact that must be resolved at a trial. The Court schedules a case management conference for **May 17, 2016** at **3:00 pm.** The parties shall be prepared to select a trial date at the conference.

**IT IS SO ORDERED**.

Dated: May 6, 2016

_____
SUSAN ILLSTON
United States District Judge