UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYER HOFFMAN MCCANN, P.C., <br><br> Plaintiff, <br><br> v. <br><br> CAMICO MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Case No. 15-cv-01207-SI <br><br> **ORDER RE: DISCOVERY** <br> Re: Dkt. Nos. 71, 72, 73 |

The Court has received several letters from the parties regarding a discovery dispute. The Court notes that notwithstanding the Clerk's September 21, 2016 reminder to counsel of the Court's standing order regarding discovery disputes, the parties proceeded to file separate letters, each accusing the other side of a failure to cooperate regarding the filing of a joint statement. The parties are instructed that they must comply with the standing order with regard to any future discovery disputes.

CAMICO's September 23, 2016 letter seeks an order directing MHM to provide supplemental discovery responses and to produce responsive documents. The parties' letters refer to a compromise reached during the meet and confer process by which CAMICO agreed to remove MHM's lawyers from the definition of "YOU" in the document requests, and to limit the time period covered to documents concerning the negotiation, placement, binding, and drafting of the reinstatement provision contained in the 2007-2008 policy. It is unclear from the parties' separate letters exactly why this compromise agreement fell apart.

In any event, the Court finds that these limitations on CAMICO's document requests are reasonable, and orders MHM to provide responsive documents subject to these limitations no later

than **October 7, 2016**. If, as MHM asserts in its letter brief, CAMICO was nevertheless insisting that MHM provide a privilege log (including regarding documents generated after litigation ensued, and including between MHM and its counsel, which would be beyond the scope of the original request), the Court finds that CAMICO has not shown why, given the Court's disposition of this dispute, such a privilege log is necessary or reasonable.

MHM's September 26, 2016 letter asserts that CAMICO has issued deposition notices without first conferring with counsel to clear the deposition dates. As the parties filed separate letters, it is unclear what CAMICO's response is with regard to this assertion. Counsel are directed to cooperate regarding the scheduling of all future deposition dates.

Finally, CAMICO's letter states that "MHM's responses to the special interrogatories are evasive and nonresponsive and CAMICO deserves straightforward answers." Dkt. No. 72 at 2. CAMICO does not explain how MHM's responses are inadequate, and MHM does not respond to CAMICO's assertion. On this record, the Court does not find that this matter has been adequately presented to this Court for resolution. If the parties are unable to resolve any disputes regarding MHM's responses to special interrogatories, counsel shall comply with the standing order and file a joint letter brief regarding the matter.

**IT IS SO ORDERED**.

Dated: September 29, 2016

SUSAN ILLSTON
United States District Judge