UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYER HOFFMAN MCCANN, P.C.,<br><br>    Plaintiff,<br><br>    v.<br><br>CAMICO MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 15-cv-01207-SI<br><br>**FINAL PRETRIAL SCHEDULING ORDER**<br><br>Re: Dkt. Nos. 102-107, 112-122 |

On May 10, 2017, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning May 15, 2017. All parties were represented by counsel. The following matters were resolved:

**1. Number of jurors and challenges:** There will be a jury of 8 members. Each side shall have 4 peremptory challenges.

**2. Voir dire:** The Court will conduct general voir dire, including various of the questions requested by counsel in their proposed additional voir dire filings. Counsel for each side shall have up to 20 minutes total to question the panel. The parties are directed to meet and confer concerning a neutral, non-argumentative statement of the case which can be read to the jury panel at the beginning of the voir dire process; **this statement shall be provided to the Court no later than Friday, May 12, 2017 at 3:00 p.m.**

**3. Jury instructions:** The Court received proposed jury instructions from the parties; substantial disagreements remain between the parties. The parties are directed to meet and confer to resolve as many disputes as possible. **<u>The parties are further directed to provide to the Court no later than Monday, May 15, 2017</u>** a succinct statement of the fundamental disagreements in the substantive instructions, together with the (few) competing instructions reflecting those disagreements. The Court will review same and inform counsel prior to closing argument which substantive instructions will be given.

**4. Trial exhibits:** No later than Friday, May 12, 2017, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses). The parties represented at the pretrial conference that they have stipulated to the admissibility of all such exhibits.

**5. Timing of trial:** Plaintiff estimates that the trial should take no more than 7-8 days, and defendant estimates it will take no more than 5 days. Based on these estimates, and a review of the other materials in the Joint Pretrial Conference Statement, the Court will set the matter for a 7 day trial, as follows: each side shall have up to 45 minutes to present opening statements; each side shall have 12.5 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 1 hour for closing argument.

**6. Trial schedule:** Jury selection will begin on May 15, 2017, at 8:30 a.m. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 2:00 p.m., all times approximate. The Court does not hear trials

on Fridays, although juries may continue to deliberate on Fridays.

**7.** **Motions in limine:** The parties filed approximately 16 motions in limine. Docket Nos. 102-107, 112-122. After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

**Plaintiffs' motion #1** to preclude evidence regarding MHM's net worth, financial stability or fiscal results: DENIED without prejudice to raising specific objections to specific questions at the time of trial.

**Plaintiffs' motion #2** to exclude witnesses other than the parties' designated trial representatives: GRANTED. Plaintiff has designated William Hancock; defendant has designated Gwen Theus.

**Plaintiffs' motion #3** to preclude defendant from questioning or offering any testimony regarding Lemme Insurance Group E&O exposure or claim: DENIED without prejudice to raising specific objections to specific questions at the time of trial.

**Plaintiffs' motion #4** to exclude opinion testimony from lay/fact witnesses: DENIED without prejudice to raising specific objections to specific questions at the time of trial.

**Plaintiffs' motion #5** to exclude or limit testimony of defendant's expert Robert M. Hall: DENIED without prejudice to objecting to specific questions and testimony at trial. In general, plaintiff's objections go to the weight and not the admissibility of Mr. Hall's testimony and plaintiff may explore these issues on cross-examination.

**Plaintiffs' motion #6** to exclude introduction of the MHM/Lemme tolling agreement: DENIED without prejudice to raising specific objections to specific questions at the time of trial.

**Defendant's motion #1** to exclude any evidence of the claims handling relating to the *In re Mortgages* litigation: DENIED without prejudice to raising specific objections to specific questions at the time of trial.

3

**Defendant's motion #2** to preclude any mention that CAMICO denied coverage for claims due to its AM Best ratings downgrade: DENIED without prejudice to raising specific objections to specific questions at the time of trial.

**Defendant's motion #3** to preclude any mention that CAMICO terminated Susan Halman as outside coverage counsel: DENIED, without prejudice to raising specific objections to specific questions at the time of trial. Both parties have indicated an intention to call Ms. Halman as a witness, and the termination may be relevant to bias.

**Defendant's motion #4** to preclude any argument or mention that Mark Aubrey made the final or ultimate coverage decision on behalf of CAMICO and to preclude any legal opinions or conclusions he offered at his deposition: DENIED without prejudice to raising specific objections to specific questions at the time of trial. However, this witness may not offer legal opinions.

**Defendant's motion #5** to exclude any evidence concerning Interstate Insurance Company's (Firemans Fund's) purported interpretation of CAMICO's reinstatement endorsement: DENIED without prejudice to raising specific objections to specific questions at the time of trial. However, plaintiff must first lay a foundation that Interstate's interpretation of the reinstatement endorsement was relevant to CAMICO's handling of the claim.

**Defendant's motion #6** to exclude any evidence concerning Mark Aubrey's November 24, 2010 email related to subpoena coverage under the CAMICO policy: DENIED, without prejudice to raising specific objections to specific questions at the time of trial..

**Defendant's motion #7** to exclude any evidence regarding insurance and/or reinsurance: GRANTED as to evidence of CAMICO's errors and omissions insurance. DENIED as to correspondence or communications between CAMICO and the reinsurers about the policies involved in this case.

**Defendant's motion #8** regarding no bad faith: CAMICO seeks to exclude "any evidence or argument of a bad faith claim" by plaintiff. As framed, the motion is DENIED. Whether a bad

faith claim has been made out will be determined after evidence is presented at trial.

**Defendant's motion #9** to exclude any evidence or argument that the reinstatement endorsement coverage is "illusory": GRANTED to the extent that neither party may seek a finding from the jury on whether the coverage is "illusory." However, the parties may address evidence and argument to the practical scope of the coverage provided by the Reinstatement Endorsement.

**Defendant's motion #10** to exclude evidence or argument that CAMICO's underwriting of the reinstatement endorsement did not comport with governing law and industry standards and practices: GRANTED as to governing law and DENIED as to industry standards and practices.

**8. Other Matters:** No formal bifurcation motion has been made, but defendant argued in its pretrial papers for a bifurcation of various legal and equitable issues. No bifurcation will be ordered, but the Court will work with counsel to provide verdict forms clearly defining the questions to be determined by the jury. Plaintiff's counsel is directed to provide, no later than Thursday, May 11, 2017 at 5:00 p.m., case authority supporting his contention that in this case he can seek a finding of breach of contract based on language in the Reinstatement Endorsement being either ambiguous or the product of defendant's failure to disclose.

**IT IS SO ORDERED**.

Dated: May 10, 2017

SUSAN ILLSTON
United States District Judge