United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYER HOFFMAN MCCANN, P.C., <br> Plaintiff, <br> v. <br> CAMICO MUTUAL INSURANCE COMPANY, <br> Defendant. | Case No. 15-cv-01207-SI <br><br> **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW; ORDER RE: JURY INSTRUCTIONS AND VERDICT FORM** <br><br> Re: Dkt. No. 173 |

This order resolves defendant's motion for judgment as a matter of law and informs the parties regarding the substantive instruction and verdict form regarding reformation that the Court intends to provide to the jury.

At the close of evidence, defendant filed a motion for judgment as a matter of law on plaintiff's claims for breach of contract, breach of the covenant of good faith and fair dealing, reformation, and declaratory relief, and on defendant's counterclaims for declaratory relief and reimbursement. Plaintiff has filed an opposition, and defendant has filed a reply.

After careful consideration of the parties' arguments and the evidence in this case, the Court GRANTS defendant's motion as to plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing. The Court concludes that defendant did not deny plaintiff any policy benefits that were due under the policy as written, and thus that there was no breach of contract.[1]

Plaintiff acknowledges that the policy as written does not provide coverage, but plaintiff

---

[1] The Court finds that as a matter of law, the contracts at issue for purposes of plaintiff's breach of contract claim are the 2007/2008 policies, and not the temporary binder that was then replaced by the 2007 policy.

contends that particular language in the reinstatement endorsement is unenforceable because (1) it is ambiguous and not plain, clear and conspicuous; (2) the coverage provided was illusory; and (3) defendant failed to properly disclose the limitation contained in the endorsement. Based on the evidence at trial, the Court finds that as a matter of contract interpretation the language of the reinstatement endorsement is not ambiguous, and that it is plain, clear and conspicuous. The Court also finds as a matter of law that the coverage provided was not illusory. Finally, the Court finds that under the facts of this case, whether the limitation was properly disclosed to plaintiff does not go to whether defendant breached the clear and unambiguous language of the policy. Instead, the issue of disclosure is relevant to the Court's consideration of plaintiff's claim for reformation.

For the same reasons, the Court finds as a matter of law that there was no bad faith. *See Waller v. Truck Ins. Exch. Inc.*, 11 Cal. 4th 36, 44 (1995) (holding there is no bad faith liability where there is no breach of insurance contract); *R & B Auto Center, Inc. v. Farmers Group Inc.*, 140 Cal. App. 4th 327, 352-54 (2006) (affirming dismissal of bad faith claim where there was no coverage under policy even where insured seeking reformation because "[s]ince it is reasonable to deny the claim at the time, if the policy is later reformed to provide retroactive coverage, the insurer may not be held liable for bad faith for failing to have the foresight to know that the policy would not be reformed"); *O'Keefe v. Allstate Indemn. Co.*, 953 F. Supp. 2d 1111, 1116 (S.D. Cal. 2013) (same).

The Court finds it appropriate to seek advisory findings from the jury regarding plaintiff's claim for reformation. The Court's intended reformation instruction is as follows:

**REFORMATION -- ELEMENTS**

To obtain reformation of an insurance policy, the following essential elements must be shown:

1. an antecedent (usually oral) agreement between insured and insurer as to which there was no mistake;

2. the insurance policy as drafted contains terms materially different from the parties' antecedent agreement; and

3. that difference was the result of:

      a. fraud (party drafting contract intentionally inserted different terms); or

      b. mutual mistake (neither party aware that contract contained different terms); or

      c. "inequitable conduct" by the party opposing reformation (i.e., one party knew or suspected the policy contained different terms and was attempting to take advantage).

Here, there was no evidence that the subject language involved a mutual mistake.

The Court does not at this time intend to give additional instructions regarding reformation, as this claim will ultimately be decided by the Court. However the Court will consider the parties' arguments on this issue at the jury instruction conference.

The Court intends to provide the following special verdict form to the jury:

**VERDICT**

1. Did plaintiff prove, by clear and convincing evidence, that prior to the issuance of the insurance policy in April, 2007, there was an agreement between MHM and CAMICO on the scope of the reinstatement coverage as to which there was no mistake?

Yes_____ No_____

If yes, answer the next question. If no, proceed to the end of the verdict form and sign and date it.

2. Did plaintiff prove, by clear and convincing evidence, that the insurance policy as issued by CAMICO in April 2007 contained terms materially different from the parties' agreement on the scope of the reinstatement coverage?

Yes_____ No_____

If yes, answer the next question. If no, proceed to the end of the verdict form and sign and date.

3. Did plaintiff prove, by clear and convincing evidence, that the difference was the result of CAMICO's fraud (intentionally inserting different terms in the contact)?

Yes_____ No_____

Proceed to the next question.

4. Did plaintiff prove, by clear and convincing evidence, that the difference was the result of CAMICO's inequitable conduct (that CAMICO knew or suspected the policy contained different terms and was attempting to take advantage)?

Yes_____ No_____

3

The parties shall be prepared to address the verdict form at the instruction conference.

**IT IS SO ORDERED**.

Dated: May 19, 2017

_____
SUSAN ILLSTON
United States District Judge

4